CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:10CR0002 |
| | ) | (Civil Action No. 5:14CV80780) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TRAVIS NICODEMUS GRADY, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Travis Nicodemus Grady, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255.[1] The government has filed a motion to dismiss, and the time allotted for Grady to respond has elapsed, making this matter ripe for consideration.[2] Upon review of the record, the court concludes that Grady has not stated any claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On January 21, 2010, a federal grand jury sitting in Harrisonburg, Virginia charged Grady in a one-count indictment with distribution of heroin resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On July 14, 2010, Grady pleaded guilty, pursuant to a plea agreement. At the guilty plea hearing, Grady affirmed he had an adequate opportunity to read and discuss the plea agreement with counsel, that he understood the plea agreement, and that no one had forced him or made any promises to cause him to plead guilty. (Plea Hr'g Tr. at 8, ECF No. 71.) Grady further affirmed he was "fully satisfied with the counsel, representation, and advice given to [him] in this case by [his] attorney." (Id. at 7.)

---

[1] Grady was sentenced by United States District Judge Samuel G. Wilson. Judge Wilson has now retired, and the motion has been assigned to the undersigned United States District Judge.

[2] Grady filed a motion for an extension of time to file a response to the government's motion to dismiss, which the court granted by order entered March 12, 2015, giving Grady until April 2, 2015 to file a response. Grady failed to file any response; however, he did notify the court of a change of address on July 2, 2015.

Grady affirmed that he understood the elements of the offense he was charged with, and what the government would have to prove in order for him to be found guilty. (Id. at 9.) The court asked, "Do you understand the maximum possible penalties provided by law for this offense, as well as the 20-year mandatory minimum?"[3] (Id. at 10.) Grady responded, "Yes, sir." (Id.) Grady also affirmed his understanding that he was waiving his right to collaterally attack his plea and sentence. (Id. at 12.) The court asked, "Are you pleading guilty to this offense because you are, in fact, guilty of it?" (Id. at 14.) Grady responded, "Yes, sir." (Id.)

The government submitted its summary of the evidence by written proffer.[4] On May 13, 2009, Grady went to the house of the victim, Amanda Haines, along with another individual, Jamie Derflinger, with the intent of using drugs. Grady brought heroin and needles. At approximately 12:30 a.m., on May 14, 2009, Haines asked Grady to inject her with heroin, and he agreed and "provided, prepared, and injected the heroin into [her] wrist." (PSR at 3, ECF No. 56.) At approximately 5:00 a.m., Haines again asked Grady to inject her with heroin, and he complied. Shortly thereafter, Haines began experiencing physical problems and became unconscious. Grady attempted to revive her by placing ice on her arms and legs. At 7:45 a.m. Haines' mother came to the house, but neither Grady nor Derflinger would answer the door. After Grady and Derflinger left, Haines' mother gained entry and called emergency personnel. Haines was admitted to the emergency room and was treated for opioid overdose. An attending physician reported that Haines could have possibly died or would likely have sustained brain damage if the emergency medical technicians had not responded when they did. On May 16,

---

[3] The Controlled Substances Act mandates a 20-year mandatory minimum sentence for a defendant who unlawfully distributes a Schedule I or II drug, when "death or serious bodily injury results from the use of such substance." 21 U. S.C. § 841(a)(1) & (b)(1)(A)-(C).

[4] The written proffer was not made a part of the record at the hearing. However, the events leading to the victim's overdose are set forth in the presentence investigation report ("PSR"). (See PSR at 3-4, ECF No. 56.)

2009, Haines was discharged from the hospital with no signs of brain damage. At the sentencing hearing, the court had the following exchange with Grady.

| | |
|---|---|
| Court: | Is there anything in [the government's] factual statement with which you disagree? |
| Grady: | Yes, sir. |
| (...) | |
| Court: | What is it you don't agree with? |
| Grady: | I didn't inject her with nothing. |
| Court: | You didn't inject her? |
| Grady: | No, sir. |
| Court: | Any clarification from the United States? |
| Government: | Your Honor, the statute requires the government to prove that the heroin [Grady] distributed to Ms. Haines led to her overdose. My understanding from prior conversation with defense counsel is that defendant does not contest that he gave her the heroin that she overdosed on. He just disagrees with who injected her. Our evidence at trial from Ms. Haines would be that he injected her. |
| (...) | |
| Court: | Mr. Grady, has [the government] accurately stated the disagreement that you have? |
| Grady: | Yes, sir. |
| Court: | In other words, you agree with all the facts except you don't agree that you injected her. |
| Grady: | Yes, sir. |
| (...) | |
| Government: | I suppose for the record it should be clear that based on my conversation with medical personnel, her overdose, her serious bodily injury, was the direct result of her heroin use that came from Mr. Grady. |

3

> Court: Mr. Grady, you've heard that additional point. Do you have any reason to disagree with that?
>
> Grady: No, sir.

(Id. at 15-16.) The court then found that Grady was "fully competent and capable of entering an informed plea" and that his plea of guilty was knowing and voluntary and supported by an independent basis in fact. (Id. at 18.)

At the sentencing hearing on October 6, 2010, the court adopted the PSR without objections. The PSR proposed a total offense level of 35 and a criminal history category of V, resulting in a guideline range of imprisonment of 262 to 327 months. (PSR at 15, ECF No. 56.) The court sentenced Grady to 262 months imprisonment. Grady did not appeal.

The court filed this § 2255 motion conditionally, notified Grady that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. Grady argues that this § 2255 motion is timely under the United States Supreme Court's decision in United States v. Burrage, __ U.S. __, 134 S. Ct. 881 (2014) and because he is actually innocent and suffered a "total miscarriage of justice." Grady also claims that counsel provided ineffective assistance by failing to conduct an adequate investigation and by pressuring him to plead guilty.

## II.

**A. Timeliness**

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

4

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003).

Judgment was entered against Grady on October 7, 2010. Because he did not appeal the judgment, his conviction became final on October 21, 2010. See Fed. R. App. P. 4(b)(1)(A). He then had one year, until October 21, 2011, in which to file a timely § 2255 motion. Because Grady filed his § 2255 motion at the earliest on October 20, 2014, his claims are untimely under § 2255(f)(1).[5]

(1) United States v. Burrage

Grady argues that his § 2255 motion is timely under § 2255(f)(3) because of the Supreme Court decision in Burrage, 134 S. Ct. 881, issued in January, 2014. Burrage interpreted 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to impose a new and stricter burden of proof on the government to establish that "death [or serious bodily injury] resulted" from drug distribution. Under Burrage, the government must meet a "but for" causation test, i.e., that "but for" the drug which a defendant distributed, the overdose victim would not have died or suffered bodily harm. Burrage, 134 S.Ct. at 888-892. The Supreme Court noted that, "The language Congress enacted requires death to 'result from' use of the unlawfully distributed drug, not from a combination of

---

[5] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988). Because Grady signed and dated his § 2255 motion on October 20, 2014, the court will assume for purposes of this opinion that he delivered it to prison authorities for mailing on that date.

5

factors to which drug use merely contributed." Id. at 891. The Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U. S. C. § 841(b)(1)(C) <u>unless</u> such use is a but-for cause of the death or injury." Id. at 892 (emphasis added).

Grady asserts that, under <u>Burrage</u>, the drug he distributed was not an independently sufficient cause of injury because Haines was also "under the influence of several other dangerous narcotics and alcohol."[6] (Mem. in Supp. of Mot. to Vacate at 7, ECF No. 65.) However, he presents no evidence showing that the alcohol or narcotics were an intervening cause of Haines' serious bodily injury. Grady's argument fails because the court finds that evidence supports Grady's conviction even under the "but for" causation test mandated by <u>Burrage</u>. At his guilty plea hearing, Grady agreed that Haines' overdose was "the direct result of her heroin use that came from Mr. Grady." (Plea Hr'g Tr. at 15-16, ECF No. 71.) Thus, unlike the defendant in <u>Burrage</u>, Grady admitted in the guilty plea colloquy that Haines' bodily injury resulted from the heroin he distributed, and Grady is bound by his representations. See <u>Beck v. Angelone</u>, 261 F.3d 377, 396 (4th Cir. 2001) (noting that, absent clear and convincing evidence to the contrary, petitioner was bound by his representations at the guilty plea colloquy).[7]

Moreover, the court notes that <u>Burrage</u> is a statutory interpretation case that likely does not apply retroactively to cases on collateral review, because the Supreme Court has not declared it to be retroactively applicable, and no other court has such authority. See e.g. <u>Ragland v. United States</u>, 756 F.3d 597, 602 (8th Cir. 2014); <u>United States v. Bourlier</u>, No. 3:14cv609, 2014

---

[6] The PSR indicates that Haines had drunk beer and taken two Xanax tablets, one Valium tablet, and two Vicodin tablets the same evening she used the heroin supplied by Grady. (PSR at 3, ECF No. 56.)

[7] To the extent that Grady claims that he is actually innocent of his conviction under <u>Burrage</u>, that claim fails for the same reasons. Grady has not shown that he was actually innocent of providing heroin to Haines that was the "but for" cause of her serious bodily injury.

6

U.S. Dist. LEXIS 166432 at * 4, 2014 WL 6750674 at *2 (N.D. Fla. December 1, 2014) (collecting cases). Accordingly, Grady cannot rely on Burrage to proceed with his § 2255 motion under 28 U.S.C. § 2255(f)(3).

(2) Actual Innocence

Grady also argues that he is actually innocent of the enhancement for distributing heroin which resulted in serious bodily injury. A prisoner "who demonstrates actual innocence of his crime of conviction may, in extraordinary circumstances, proceed with a habeas petition that otherwise would have been statutorily time-barred" under AEDPA's one-year limitations period. United States v. Jones, 758 F.3d 579, 581 (4th Cir. 2014) (citing McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Grady asserts that Haines has been "located after years in seclusion and [is] willing to recant her statements to the government, absolving [Grady] of the bodily injury enhancement." (Mem. in Supp. of Mot. to Dismiss at 3, ECF No. 65.) While Grady admitted at his guilty plea hearing that he had provided Haines with the heroin that caused her overdose, Grady now claims that Haines stole heroin from him while he was sleeping and injected herself. Grady describes himself as a "humble and naïve, young [man]" who was "set up from the start" and Haines as a "drunken drug induced wom[a]n who stealthily stole [his] drugs while he was passed out on the couch." (Mem. in Supp. of Mot. to Vacate at 10, 11, ECF No. 65.) However, he does not provide an affidavit from Haines regarding her alleged recantation, merely stating that "[f]riends claim she has been in and completed a drug rehab program and is a new person." (Id. at 10.) Indeed, Grady offers nothing except unsupported allegations about the circumstances leading up to Haines' drug overdose, which are insufficient to excuse his procedural default. See Schlup v. Delo, 513 U.S 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence -

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial").

Moreover, Grady's claims that he did not provide Haines with the heroin, but rather she stole it from him, are directly contradicted by Grady's affirmance under oath during his Rule 11 colloquy that he gave Haines the heroin, that "her serious bodily injury, was the direct result of her heroin use that came from [] Grady," and that he was pleading guilty because he was, "in fact, guilty." (Plea Hr'g Tr. at 14-16, ECF No. 56.) Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221(4th Cir. 2005) (internal quotation marks omitted). Accordingly, Grady has failed to show that he is actually innocent of his charge.[8]

(3) Equitable Tolling

Consequently, unless Grady demonstrates grounds on which he is entitled to tolling of the federal filing deadline for equitable reasons, his claims must be dismissed as untimely. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001) (finding that court has no authority to toll statute of limitation unless petitioner demonstrates extraordinary circumstances and due diligence as normally required for equitable tolling of limitation period).

To warrant equitable tolling, the defendant must "establish[ ] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotation marks and citation

---

[8] Further, by failing to challenge the validity of his guilty plea on direct appeal, Grady has procedurally defaulted this claim. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). The cause and prejudice standard requires the petitioner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue on direct review, Coleman v. Thompson, 501 U.S. 722, 753 (1992), but also that the error he alleges "worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Constitutionally ineffective assistance of counsel can provide cause for a procedural default. See Mikalajunas, 186 F.3d at 493. However, Grady has not shown cause and prejudice for his default.

8

omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (en banc). The defendant has the burden to show entitlement to equitable tolling. Holland v. Florida, 560 U.S. 631, 655 (2010).

Grady does not demonstrate any grounds to support a claim for equitable tolling. Because Grady filed his § 2255 motion outside the limitation period and fails to demonstrate either due diligence, or any extraordinary circumstance that prevented him from filing a timely § 2255 motion, so as to warrant equitable tolling of the limitation period, his § 2255 motion must be dismissed as untimely filed.

### B. Ineffective Assistance of Counsel

Finally, Grady's claims that counsel provided ineffective assistance by failing to conduct adequate investigation and by pressuring him to plead guilty have no merit.[9] To establish a claim of ineffective assistance of counsel, petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 671 (1984).[10] The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Id. at 689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

---

[9] Grady also alleges that counsel "was not even available to help defendant with his direct appeal." (Mem. in Supp. of Mot. to Vacate at 15, ECF No. 65.) However, Grady does not claim that he actually asked counsel to file an appeal.

[10] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697.

9

The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

(1) Investigation

Grady claims that counsel failed to conduct an adequate investigation into "the circumstances or the discovery." (Mem. in Supp. of Mot. to Vacate at 2, ECF No. 65.) Grady asserts, without support, that counsel's investigation would have discovered he was in a "drug induced sleep" during the time period he purportedly provided Haines with heroin. (Id. at 12.) Further, Grady claims counsel failed to interview witnesses who were present, but does not identify the witnesses, or proffer their expected testimony. Conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). Moreover, this claim is directly contradicted by Grady's affirmance under oath during his Rule 11 colloquy that he was satisfied with counsel's representation. (Plea Hr'g Tr. at 8, ECF No. 71.) Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." Lemaster, 403 F.3d at 221 (internal quotation marks omitted). Accordingly, this claim will be dismissed.

(2) Guilty Plea

Grady also claims that counsel pressured him to plead guilty because counsel "was a drug addict and was incompetent to prepare for trial."[11] As an initial matter, the fact that counsel breached ethical rules applicable to the profession does not, by itself, establish a cognizable claim of ineffective assistance. Nix v. Whiteside, 475 U.S. 157, 165 (1986) ("Under the Strickland standard, breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel.") Further, this claim is directly contradicted by Grady's affirmance under oath during his Rule 11 colloquy that no one had threatened him or attempted to force him to plead guilty. Lemaster, 403 F.3d at 221. Accordingly, this claim will be dismissed.[12]

III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

ENTER: This 12th day of August, 2015.

_____
Chief United States District Judge

---

[11] Grady asserts that counsel was subsequently disbarred for drug-related charges and sentenced to prison. The government does not contest these allegations, but asserts that "simply pointing to an ethical breach or lapse, without more, is not sufficient to establish a claim of ineffective assistance of counsel." (Mot. to Dismiss at 15, ECF No. 73.)

[12] To the extent that Grady claims counsel was ineffective for failing to object to the enhancement, this claim also fails because Grady has not shown grounds on which counsel's objections would have been successful. See Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (holding that counsel's failure to raise meritless objections does not amount to ineffective assistance); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) (holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

11