CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 12 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:10CR00002 |
| | ) | (CASE NO. 5:14CV80780) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| TRAVIS NICODEMUS GRADY, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Travis Nicodemus Grady, a federal inmate proceeding pro se, has submitted a pleading that he titles: "Motion to reconsider Title 28 U.S.C. § 2255" (ECF No. 91). Grady contends that the court should reopen his original § 2255 motion to consider whether his offense conduct is punishable under 21 U.S.C. § 841(b)(1)(C) in light of United States v. Burrage, __ U.S. __, 134 S. Ct. 881 (2014). After review of the record in this case and Grady's current submission, the court concludes that his motion must be denied.

On July 14, 2010, Grady pleaded guilty, pursuant to a plea agreement, to one count of distribution of heroin resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The court sentenced Grady to 262 months in prison, and Grady did not appeal. In November 2015, Grady filed a § 2255 motion, docketed as Case No. 7:14CV80780, seeking relief under the Burrage decision and raising other claims. The court denied the § 2255 motion as untimely filed and without merit. United States v. Grady, No. 5:10CR0002, 2015 WL 4773236 (W.D. Va. Aug. 12, 2015), appeal dismissed, 627 F. App'x 193 (4th Cir. 2015).

In his current motion, Grady contends that the court should reopen his prior § 2255 motion, because two courts of appeals have now held that Burrage does apply retroactively to cases on collateral review. See Santillana v. Upton, 846 F.3d 779, 784 (5th Cir. 2017) (holding

that Burrage is retroactively applicable); Krieger v. United States, 842 F.3d 490, 500 (7th Cir. 2016) (same). Because Grady's current motion claims that his initial § 2255 proceedings involved procedural error, his motion may be addressed as one seeking reconsideration of the court's past ruling on timeliness. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (recognizing that motions to reconsider in a § 2255 case must be construed as a successive § 2255 if it challenges validity of criminal proceedings).

In addressing Grady's prior § 2255 motion, the court noted that Burrage "likely does not apply retroactively to cases on collateral review." Grady, 2015 WL 4773236, at *4 (citing other cases). The subsequent court decisions that Grady now cites rule otherwise. Grady's motion seeking reconsideration of his prior § 2255 must be denied, nevertheless, because this court also held that Grady's claim under Burrage lacked merit.

Grady claimed that, under Burrage, the drug he distributed was not an independently sufficient cause of injury because the victim had also ingested other drugs and alcohol. In Burrage, the Court held that "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U. S. C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Burrage, 134 S. Ct. at 892 (emphasis added). This court previously found that the evidence in Grady's case supported his conviction under this "but for" causation test. Grady, 2015 WL 4773236, at *3. Specifically, the court found that Grady

> presents no evidence showing that the alcohol or narcotics were an intervening cause of [the victim's] serious bodily injury. Grady's argument fails because the court finds that evidence supports Grady's conviction even under the "but for" causation test mandated by Burrage. At his guilty plea hearing, Grady agreed that [the victim's] overdose was "the direct result of her heroin use that came from Mr. Grady." (Plea Hr'g Tr. at 15–16, ECF No. 71 .) Thus, unlike the defendant in Burrage, Grady admitted in the guilty plea colloquy that [the victim's] bodily injury resulted from the heroin he distributed, and Grady is bound by his

2

> representations. See Beck v. Angelone, 261 F.3d 377, 396 (4th Cir.2001) (noting that, absent clear and convincing evidence to the contrary, petitioner was bound by his representations at the guilty plea colloquy).[1]

Grady, 2015 WL 4773236, at *3 (footnote in original).

Based on the foregoing, Grady fails to show that the court's denial of his § 2255 motion was based on procedural error or that the court's prior ruling must be revisited under the new case law Grady cites. Accordingly, the court will deny the motion. A separate order will issue herewith.

The clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 12th day of July, 2017.

_____
United States District Judge

---

[1] To the extent that Grady claims that he is actually innocent of his charge, based on Burrage, that claim fails for the same reasons. Grady has not shown that he was actually innocent of providing heroin to [the victim] that was the "but for" cause of her serious bodily injury.