IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:10-cr-00002-1 |
| v. ) | |
| ) | By:  Elizabeth K. Dillon |
| TRAVIS NICODEMUS GRADY ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Travis Nicodemus Grady's motion to compel.  (Dkt. No. 101.) Grady's motion asserts that the government did not fulfill a promise to reduce Grady's sentence based upon the assistance of a family member.  (*Id*.)  The court construed this motion to be a motion for specific performance by the government.[1]  (Dkt. No. 103.)  The court also appointed counsel to represent Grady, but the Federal Public Defender declined to file a brief and asked that Grady be allowed to proceed pro se.  (Dkt. No. 114.)  The government opposes Grady's motion.  (Dkt. No. 105.)  The court finds that no hearing is necessary to resolve to this motion, which will be denied for the following reasons.[2]

Defendant pleaded guilty to distribution of heroin resulting in serious bodily harm.  (Dkt. Nos. 43, 49.)  The offense carried a mandatory minimum penalty of 20 years and a maximum sentence of life imprisonment.  Grady was sentenced on October 6, 2010, to a term of 262 months imprisonment and three years of supervised release.  (Dkt. No. 52.)

---

[1] To the extent that Grady's motion could have been construed as a challenge to his conviction pursuant to 28 U.S.C. § 2255, it would need to be dismissed for failure to obtain authorization for a successive filing from the United States Court of Appeals for the Fourth Circuit.  *See* § 2255(h).  Instead, the court has construed the motion as a motion to compel specific performance in the form of requiring the government to pursue a motion for downward departure based on substantial assistance.  *See* Fed. R. Crim. P. 35.

[2] Also pending is Grady's motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines.  (Dkt. No. 101.)  The court will address this motion separately.

Rule 35 of the Federal Rules of Criminal Procedure provides that if it has been more than a year after the defendant's sentencing, a court may reduce a sentence if the defendant has provided substantial assistance, but only upon the government's motion. Fed. R. Crim. P. 35(b). The decision to file a substantial assistance motion normally lies solely within the discretion of the government. *See United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000). In the absence of a motion by the government, the court may fashion a remedy for the government's decision not to file a substantial assistance motion only if (1) the government obligated itself in a plea agreement to move for such a departure, or (2) the government's refusal or failure to move was based on an unconstitutional motive. *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181 (1992)).

First, the government did not obligate itself to move for departure based on substantial assistance. (*See* Plea Agreement, Dkt. No. 43.) The plea agreement states that it was the entire agreement between the parties, and there was no promise to file a substantial assistance motion. Second, Grady has not alleged that the government's refusal to file a motion for substantial assistance was based on an unconstitutional motive, such as racial or religious animus. Therefore, the court will deny Grady's motion.

Based on the foregoing, it is HEREBY ORDERED that Grady's motion to compel (Dkt. No. 101), construed as a motion for specific performance, is DENIED. The clerk is directed to provide a copy of this memorandum opinion and order to Grady and to all counsel of record.

Entered: May 16, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge