IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:10-cr-00002-1 |
| v. ) | |
| ) | By:  Elizabeth K. Dillon |
| TRAVIS NICODEMUS GRADY ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for reduction of sentence filed by defendant Travis Nicodemus Grady.  Grady seeks relief pursuant to Amendment 782, the "All Drugs Minus Two" Amendment.  (Dkt. No. 102.)[1]  The government opposes the motion. (Dkt. No. 112.)  The court finds that no hearing is necessary to resolve to this motion, which will be denied.[2]

Grady pleaded guilty to distribution of heroin resulting in serious bodily harm.  (Dkt. Nos. 43, 49.)  The offense carried a mandatory minimum penalty of 20 years and a maximum sentence of life imprisonment.  Grady was sentenced on October 6, 2010, to a term of 262 months imprisonment and three years supervised release.  (Dkt. No. 52.)

Grady's motion is brought pursuant to 18 U.S.C. § 3582(c)(2), which provides, in pertinent part:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment . . . if such reduction is consistent with applicable policy statements issues by the Sentencing Commission.

---

[1] Grady's motion refers to the amendment as Amendment 786, but the All Drugs Minus Two Amendment is Amendment 782.  The government has responded accordingly.  (Dkt. No. 112.)

[2] Also pending is Grady's motion to compel.  (Dkt. No. 101.)  The court will address this motion separately.

A defendant is eligible for a reduction if a retroactive guideline amendment has lowered the guideline range applicable to that defendant. U.S.S.G. § 1B1.10(a)(1). If the defendant's guideline range is not affected by a retroactive amendment, the court has no authority to grant a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 782 to the Sentencing Guideline, effective November 1, 2014, amended U.S.S.G. § 2D1.1 to adjust the Drug Quantity table downward by two offense levels. It retroactively reduced by two levels offense levels assigned to drug quantities in U.S.S.G. §§ 2D1.1(c) and 2D1.11(d). U.S.S.G. app. C, amend. 782. An offense level that had been determined prior to the amendment based upon a quantity of drugs would be reduced by two levels so that there could be a reduced sentence if certain conditions were met.

Grady's guideline range was not determined by §§ 2D1.1(c) or 2D1.11(d), the guideline provisions affected by Amendment 782. Instead, Grady's guideline range was determined by U.S.S.G. § 2D1.1(a)(2), which applies a base offense level of 38 if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance. (*See* Presentence Report (PSR) ¶ 11, Dkt. No. 107.) Therefore, Grady is not entitled to relief pursuant to Amendment 782. *See, e.g.*, *United States v. Jackson*, 664 F. App'x 803, 805 (11th Cir. 2016) ("Because Defendant's guideline range was not based on the drug quantity guidelines, Amendment 782 did not lower the sentencing range upon which Defendant's sentence was based.").

Based on the foregoing, it is hereby ORDERED that Grady's motion to reduce his sentence (Dkt. No. 102) is DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to Grady and all counsel of record.

Entered: May 16, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge