CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

08/04/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:10-CR-2 |
| v. ) | |
| ) | Hon. Robert S. Ballou |
| TRAVIS NICODEMUS GRADY ) | United States District Judge |

**AMENDED OPINION AND ORDER**

Travis Nicodemus Grady was identified as potentially eligible for a reduction of his sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The parties dispute whether Amendment 821 reduces Grady's criminal history category from V to IV where the court incorrectly calculated his criminal history score at sentencing. I find that it does, making Grady eligible for a sentence reduction. Thus, I reduce Grady's sentence to a total term of 240 months.

**I.     Factual Background**

In March 2010, Grady pled guilty to distributing a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance, causing serious bodily injury resulting from the use of such substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Case No. 5:10CR2, Dkt. 49. In its Presentence Investigation Report, the U.S. Probation Office calculated Grady's criminal history score at 10 and assigned him a criminal history category of V. *Id.* at Dkt. 56 ¶ 41. There were no objections to the report, which the court adopted in its entirety. Grady was ultimately sentenced to 262 months imprisonment and 3 years supervised release. *Id.* at Dkt. 52. His projected release date is April 26, 2030. Dkt. 122.

## II. Analysis

The court must follow a two-step process when addressing whether a defendant is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines, such as Amendment 821. First, the court must determine the prisoner's eligibility for a sentence modification under § 1B1.10 and the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Second, the court considers any applicable §3553(a) factors and determines whether, in it is discretion, the circumstances of the case warrant, in whole or in part, the reduction authorized under step one. *Id.* at 827.

Grady's application for a sentence reduction focuses on the impact of Part A of Amendment 821which limits the impact of "status points" attributed to a criminal history score of a defendant who commits the offense of conviction while under a criminal justice sentence. Prior to the adoption of Amendment 821, a defendant who committed a relevant offense while under a criminal justice sentence received *two* "status points." Following the Amendment, a defendant who commits a relevant offense while under a criminal justice sentence and who has a criminal history score of seven or greater receives *one* "status point." The Government and Grady agree he is eligible for a reduction in status points. However, they dispute whether the reduction in status points reduces Grady's criminal history category, yielding a lower sentence.

At sentencing, the court calculated Grady's criminal history score at 10 based upon 8 criminal history points and 2 status points because he was on probation at the time of the offense. This yielded a criminal history category of V, and a guideline range of 262–327 months. Part A of Amendment 821 appears to reduce Grady's criminal history score to 9 (because he would receive only 1 status point) which would result in a criminal history category of IV and a reduced guideline range of 240–293 months. Yet, the Government contends that Amendment 821 should

2

not reduce Grady's criminal history category or guideline range, because the court made a computational error in calculating Grady's criminal history score at sentencing. It argues that Grady's criminal history score and category, calculated correctly, should have been 11 and V, respectively. Applying Amendment 821 to these numbers, Grady's criminal history score would be reduced to 10 but his criminal history category and resulting guideline range would remain the same. As a result, Grady would not be eligible for a sentence reduction. Grady counters that Amendment 821 cannot be used to correct unrelated guideline calculation errors, and thus, the Court must use the criminal history score adopted at Grady's sentencing. I agree and find that Grady is eligible for a sentence reduction under Amendment 821.

In *Dillon v. United States*, the Supreme Court held that courts evaluating whether to reduce a term of imprisonment based on a retroactive amendment to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) may not "resentence" a defendant. 560 U.S. at 831. Rather, the court "shall substitute the amended Guidelines range for the initial range and shall leave all other guideline application decisions unaffected." *Id.* (internal quotations omitted). In other words, the court may not use § 3582(c)(2) to correct mistakes in a defendant's original guideline calculation. *See id.* Nor may the court recalculate a defendant's criminal history score based on a mistake at sentencing. Therefore, the court is bound to apply Amendment 821 to Grady's guidelines as they were calculated when he was sentenced in 2010. Applying the Amendment 821 reduction, Grady receives only one criminal status point which reduces his criminal history score to 9 and his criminal history category to IV. His resulting guideline range is 240–293 months. Accordingly, Grady is eligible for a sentence reduction.

Having determined that Grady is eligible for a sentence reduction, the court must now consider the applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is

3

warranted in whole or in part under the circumstances of the case. *Dillon*, 560 U.S. at 827.…"
Grady argues that his employment history, drug addiction and lengthy sentence support a reduced term of incarceration. The Government does not address the § 3553(a) factors in its memorandum.

I have reviewed the case record and Grady's prison disciplinary record and find that the interest of justice is best served by reducing Grady's term of imprisonment to 240 months. Section 3553(a) requires the court to consider, among other things, "(1) the nature and circumstances of the offense and history and characteristics of the defendant" and "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…." Here, even with the Amendment 821 reduction, Grady will serve almost 20 years in prison. This is a substantial term of imprisonment that reflects the seriousness of the crime for which Grady was convicted and is severe enough to deter Grady and others from committing the same offense. Similarly, it is evident from Grady's prison disciplinary record that he has learned from his past mistakes. He has committed relatively few infractions since 2020 and none in the past year.  It is also clear that Grady has used his time in prison to better himself by taking classes in budgeting, personal credit, personal banking, etc… and earning his GED. This, combined with his prior employment history, leaves me confident that Grady will be able to find gainful employment upon his release after a reduced sentence.

4

### III.    Conclusion

For the reasons stated, I find that Grady is entitled to a sentence reduction under Amendment 821 and 18 U.S.C. § 3582(c)(2). His sentence is hereby reduced to 240 months.

It is **SO ORDERED**.

Entered:  August 4, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge